JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDA WEST, INC.<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO ZAVALA, et al.,<br><br>Defendants. | Case No. CV 17-01897-AB (FFMx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |

On March 9, 2017, Defendants Armando Zavala and Estela Zavala ("Defendants") removed what appears to be a routine unlawful detainer action. (Dkt. No. 1.) For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction.

The Notice of Removal invokes federal question jurisdiction on the ground that the notice Plaintiff's action was based on "expressly references and incorporates the Protecting Tenants at Foreclosure act of 2009, 16 U.S.C. § 5201." *See* Not. Removal ¶ 7. Specifically, Defendants claim that that Act requires Plaintiff to give them 90 days' notice before filing an eviction proceeding, and Plaintiff failed to do that. However, this argument is an affirmative defense, so Defendants' reliance on the Act as a basis for jurisdiction is misplaced. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is

1

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Furthermore, this is a routine unlawful detainer action, so Plaintiff could not have filed it in federal court initially because the complaint does not allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

First, under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or substantial question of federal law because unlawful detainer "is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117 (N.D. Cal. June 6, 2011). Plaintiff's unlawful detainer action implicates no area of federal law. As such, this action does not give rise to federal question jurisdiction.

Second, this unlawful detainer action does not give rise to diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(b). The underlying complaint states that the amount in controversy does not exceed $10,000. Moreover, removal on the basis of diversity jurisdiction is not proper because Defendants reside in the forum state. 28 U.S.C. § 1441(b).

Accordingly, the Court: (1) **REMANDS** this case to the Superior Court of California, County of Los Angeles, Norwalk, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) **ORDERS** the Clerk to send a certified copy of this Order to the state court; and (3) **ORDERS** the Clerk to serve copies of this Order on the parties.

**IT IS SO ORDERED**.

Dated: March 29, 2017  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE